IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| SUSAN LINDAUER, | * |
|  | * |
| Plaintiff, | * |
|  | * |
| v. | * Case No.: PWG 19-cv-39 |
|  | * |
| OCWEN LOAN SERVICING, LLC, *et al.*, | * |
|  | * |
| Defendants. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Pending before me are Defendants' Letter Motions to Dismiss, ECF Nos. 7, 27, 32, 47. Having reviewed the filings,[1] I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6 (D. Md. 2021). Because I find that Plaintiff's claims in this case are precluded by *res judicata*, based on prior litigation in state court, Defendants' letter motions are GRANTED, and this case shall be DISMISSED WITH PREJUDICE.

**BACKGROUND[2]**

In February 2001, Susan Lindauer purchased real property in Takoma Park, Maryland ("the Property"). Am. Compl. ¶ 4, ECF No. 4. She refinanced the mortgage loan on the Property through American Heritage Lending Corporation in February 2007. *Id.* ¶ 5. She made payments to Chase

---

[1] Plaintiff's response in opposition, ECF No. 39; Reply, ECF No. 50; Supplemental Opposition, ECF No. 52; Joint Reply, ECF No. 54.

[2] For purposes of considering a motion to dismiss, this Court accepts the facts that Plaintiff alleged in her complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Multiple exhibits were attached to Ms. Lindauer's complaints. *See* ECF Nos. 1, 4, 20. I note that where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2-3 (D. Md. Apr. 12, 2011).

Home Finance ("Chase) until December 2011 when she was notified that her loan would be transferred to a different servicing company. *Id.* ¶¶ 8-9.  Ms. Lindauer alleges that she made all regular monthly payments to Chase.  *Id.* ¶¶ 10-13.  Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), acquired the servicing rights from Chase and began to collect payments in April 2012. *Id.* ¶ 14. Ms. Lindauer alleges that Ocwen made errors in crediting her payments and refused to correct the record even though she provided proof of payments. *Id.* ¶¶ 14-22.  Ocwen reported to the credit bureaus that she was consistently more than 90 days overdue, which blocked her efforts to refinance the mortgage, and ultimately, Ocwen stopped accepting her payments.  *Id.* ¶¶ 22-24.

Ms. Lindauer alleges that despite her best efforts to resolve the dispute, Ocwen initiated foreclosure proceedings against the Property in November 2015. *Id.* ¶¶ 25-26.  The State Court granted foreclosure on March 3, 2017, allegedly without her having the opportunity to provide the evidence of her timely payments and Ocwen's alleged fraudulent activity.  *Id.* ¶ 36.  The Property was scheduled for sale at auction on February 13, 2019.  *Id.*  ¶¶ 38, 44.

In January 2019, Ms. Lindauer, acting *pro se*, filed this lawsuit against Defendant Ocwen, alleging fraud in the servicing of her mortgage loan and foreclosure process, and seeking to vacate the order granting foreclosure. Compl., ECF No. 1. She then filed an amended complaint, adding an exhibit, shortly after which counsel entered an appearance on her behalf.  Am. Compl., ECF No. 4; Not. ECF No. 5.  On January 30, 2019, Ocwen filed a letter seeking permission to file a motion to dismiss the amended complaint on the basis that her claims were barred by the *Rooker-Feldman*³ doctrine and *res judicata*.  ECF No. 7.  I ordered Ms. Lindauer to supplement her

---

³   In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court formulated a general rule that distinguishes general constitutional challenges to state laws and regulations, over which federal courts have jurisdiction, from requests for review of specific state court decisions, over which they have no jurisdiction. Federal claims

2

pleadings in response. Order, ECF No. 8. Ms. Lindauer then filed a motion for an emergency temporary restraining order, seeking to prevent the execution of the Notice of Foreclosure Auction, which I denied.[4] Mot. TRO, ECF No. 9; Letter Order, Feb. 12, 2019, ECF No. 10. Ms. Lindauer also filed a response to my Order, after which I directed the Clerk to issue summons. ECF Nos. 12, 13.

On March 25, 2019, I accepted Ms. Lindauer's supplemental filings as her Second Amended Complaint, which together with her Amended Complaint (which she incorporated by reference) forms the operative complaint. *See* ECF Nos. 20, 21. Viewing the complaint documents together, Ms. Lindauer added Defendants, US Bancorp, U.S. Bank National Association ("U.S. Bank"), and McCabe Weisberg & Conway ("MWC"). Sec. Am. Compl., ECF Nos. 4, 20. She also added causes of action to her claim of fraud by Ocwen, namely, violations by all Defendants of (1) 14th Amendment rights of due process; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 801 *et seq.*; (3) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (4) Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605. *Id.*

By their letter motions, Defendants seek dismissal, asserting that Plaintiff's lawsuit is barred by the *Rooker-Feldman* doctrine, *res judicata*, and failure to state a claim.[5] Defendants cite the Foreclosure Action, Case Number 412218V; Plaintiff's Counterclaim Action, Case Number 413353V; and a Third Action filed in the Montgomery County Circuit Court, Case Number 424581V, which asserted claims "virtually identical to the ones asserted in the

---

that are "inextricably intertwined with" state court decisions in judicial proceedings fall outside of the federal court's jurisdiction. *See Feldman*, 460 U.S. at 486-87.

[4] I note that the foreclosure sale was subsequently cancelled when Ms. Lindauer filed a bankruptcy petition in the United States Bankruptcy Court, District of Maryland, Case No. 19-11861.

[5] Defendant U.S. Bank joined Ocwen's motion. ECF Nos. 47, 51. Defendant McCabe Weisberg & Conway adds that Ms. Lindauer also fails to state a claim specifically as to them. MWC Mot., ECF No. 32. Defendant US Bancorp was served but has not entered an appearance in this case. *See* ECF Nos. 24, 37, 42, 45.

Counterclaim Action and in the Amended Complaint in the instant matter." ECF No. 27 at 2-3. The Circuit Court dismissed all of Ms. Lindauer's claims with prejudice in the Third Action, and the dismissal was affirmed by the Maryland Court of Special Appeals. *See* Ocwen Mot. Exs. B, C, ECF Nos. 27-2, 27-3. The Court of Special Appeals found that all of Ms. Lindauer's claims were barred by *res judicata*. Ocwen Mot. Ex. C at 4.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the

complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). A court may also take judicial notice of matters of public record. *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2-3 (D. Md. Apr. 12, 2011). However, if the Court considers matters outside the pleadings, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013).[6]

All claims rooted in fraud allegations are subject to a heightened pleading standard. Rule 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Such allegations of fraud typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013) (quoting *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298, 313-14 (D. Md. 2000)).

---

[6] Here, I have not considered matters other than the pleadings, documents that are referenced in the pleadings and are integral to it, and documents for which the Court may take judicial notice.

## DISCUSSION

Defendants argue that both the *Rooker-Feldman* doctrine and *res judicata* bar Plaintiff's claims. The distinctions between the *Rooker-Feldman* doctrine and the preclusion principles *of res judicata* are subtle but important. *Thana v. Board of License Commissioners for Charles Cnty., Maryland*, 827 F.3d 314, 320 (4th Cir. 2016). Because I find that Ms. Lindauer's claims are barred by *res judicata*, I find it unnecessary to conduct further analysis under Defendants' other theories.

*Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)) (citations omitted). When considering this defense, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Kalos v. Centennial Sur. Assocs., Inc.*, No. CCB–12–1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000). And, when a federal court litigant asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Under Maryland law, *res judicata*, or claim preclusion,[7] provides grounds for dismissal if a defendant establishes that "(1) the parties in the present litigation are the same or in privity with

---

[7] More specifically, "the doctrine of *res judicata* encompasses two concepts: claim preclusion, which bars later litigation of all claims that were actually adjudicated or that could have been adjudicated in an earlier action, and issue preclusion, which bars later litigation of legal and factual issues that were 'actually

the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643-44, 2011 WL 3734984, at *3 (4th Cir. 2011) (quoting *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (2008)).

Here, Ms. Lindauer does not dispute that the parties in this lawsuit are the same or in privity with the parties in the foreclosure and state court litigation.[8] *See, e.g.*, Joint Reply Ex. A, Third Action Complaint, ECF No. 54-1; Ocwen Mot. Ex. C, Appellate Op., ECF No. 27-3. It is beyond dispute that there was a final judgment on the merits in the prior litigation—Plaintiff's Counterclaim was dismissed, the Third Action was dismissed with prejudice, and the dismissal was affirmed by the Maryland Court of Special Appeals. Ms. Lindauer argues only that *res judicata* does not bar this suit because she "alleges new facts or a worsening of the earlier conditions." Pl.'s Resp. 2, ECF No. 39 (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955)). She asserts that Ocwen continues to deny the four payments that she made to Chase despite her proof, she has added violations of federal law, and the scheduled sale of the Property reflects worsening of conditions. *Id.*

---

and necessarily determined' in an earlier action." *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)).

[8] I note that US Bancorp did not appear and join in the dismissal motion, although U.S. Bank, its wholly owned subsidiary, did join the motion. *See* U.S. Bank's Corporate Disclosure Statement, ECF No. 48; U.S. Bank's Mot., ECF No. 47. For purposes of claim preclusion, although not automatic, a parent company and a wholly owned subsidiary can be found to be in privity. *Saudi v. V. Ship Switzerland, SA*, No. 03-1307, 2004 WL 626811, *4 (4th Cir. March 31, 2004). Here, although Ms. Lindauer named US Bancorp as a defendant, there is not a single allegation in her complaint against US Bancorp itself. As the parent company, however, it clearly has an interest in the subject matter of the litigation because a ruling against U.S. Bank would undoubtedly affect US Bancorp. *See Whitehead v. Viacom*, 233 F. Supp. 2d 715, 721 (D. Md. 2002) (holding a parent company and its wholly owned subsidiary to be in privity for purposes of *res judicata*). Therefore, in the interest of judicial economy, I shall consider US Bancorp as a party in privity for purposes of the *res judicata* analysis.

In *Lawlor*, the United States Supreme Court reviewed an antitrust case in which the plaintiffs had filed an antitrust lawsuit against the defendants, but the parties settled the case before trial, and the case was dismissed with prejudice. 349 U.S. at 324. Later, plaintiffs brought claims under the same antitrust laws and claimed that the defendants were not fulfilling their obligations under the settlement agreement as well as monopolizing in new ways. *Id.* at 324-25. The lower courts had dismissed the second case on the grounds of *res judicata*, but the Supreme Court reversed, finding that the two lawsuits were not based on the same cause of action because the claims had not existed at the time of the previous case, and damages were sought only for injuries suffered after the date of settlement. *Id.* at 325-27. This case is not like *Lawlor*. Rather, Ms. Lindauer claims the same wrongful conduct, i.e., Defendants continue to not recognize and properly apply her four payments made in 2012.

Further, Ms. Lindauer's recently added causes of action do not relate to new factual allegations or violations committed since the prior lawsuits. Her factual allegations are the same allegations as made in the prior lawsuits. *See* Appellate Op. 2-4. Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)). Notably, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* at 326 (citing *Gertz v. Anne Arundel Cnty.*, 661 A.2d 1157, 1161 (Md. 1995)). If a claim or defense arose from the same series of transactions

8

as the claim that was adjudicated, it may be precluded even if it was not asserted. *Skibicki v. Fairmont Plaza*, PWG-17-1366, 2018 WL 3862252, at *3 (D. Md. Aug. 14, 2018).

Therefore, all three elements of *res judicata* have been met, and Plaintiff's claims are precluded. Because Ms. Lindauer's claims are barred by *res judicata*, the Defendants' motions shall be granted, and Plaintiff's Second Amended Complaint will be dismissed with prejudice. Dismissal includes the claim asserted against US Bancorp, although it did not appear in this case nor join the dismissal motions. As noted above, it is the parent company of U.S. Bank, who did specifically join in the motion to dismiss, ECF No. 47, and I find it to be a party in privity. It would be futile to allow further amendment, and preventing needless litigation promotes judicial economy. *See Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208 (4th Cir. 2013) ("A district court may invoke the doctrine of *res judicata* in the interests of, *inter alia*, the promotion of judicial economy." (citing cases)).

**ORDER**

For the reasons stated above, it is hereby ordered that:

1. Defendants' letter motions, ECF Nos. 7, 27, 32, 47 are GRANTED;

2. Plaintiff's Second Amended Complaint, ECF Nos. 4, 20, is DISMISSED WITH PREJUDICE;

3. This Order shall be deemed to be a Final Judgment within the meaning of Rule 58 of the Federal Rules of Civil Procedure; and

3. The Clerk is directed to CLOSE this case.

Date: July 13, 2022                                        /S/
                                                           Paul W. Grimm
                                                           United States District Judge